WHITE'S ADMINISTRATOR *vs.* THE UNITED STATES.

This court will not award a *mandamus* to the judge of the District Court, commanding him to permit the intervention of one claimant in a proceeding instituted by another for the confirmation of a distinct title under a Mexican grant.

Thomas B. Valentine, for himself and other parties in interest, presented his petition to the Supreme Court setting forth that he held the title of Juan Miranda, to whom a grant was made by the Mexican Government of a tract of land in California known by the name of the Arroyo de San Antonio; that one Ellen E. White, administratrix of Charles White, deceased, petitioned the Land Commission for confirmation to herself of another title derived from Manuel Ortega for the same land, and her proceeding came by appeal into this court, where an order was made remanding the cause to the District Court, so that the claimants under Miranda might have an opportunity to contest the claim of White agreeably to the 13th section of the act of 1851; that the mandate was filed in the District Court and a motion made by the petitioner for leave to intervene, which was refused by the District Court in disregard of the order of this court. The petitioner, being without other remedy, prays for a *mandamus*.

*Mr. Black*, of Pennsylvania, and *Mr. Green*, of Missouri, for the relator.

*Mr. Cushing*, of Massachusetts, for White.

*Mr. Bates*, Attorney General, for the United States.

Mr. Justice GRIER. The motion for a *mandamus* in this

case is founded on a mistaken apprehension of the judgment of this court as it is reported in 23 Howard, 249.

Ortega had married the daughter of Miranda; they lived as one family, and entered into possession of the land claimed. Ortega's title purported to be founded on a petition to Governor Alvarado, dated 12th June, 1840; a reference report and marginal decree signed by Alvarado, 10th of August, 1840, " which was returned to him to serve as a security during the other operations indicated." It was never completed by a final grant, and was not to be found among the archives, but its execution was proved by Alvarado himself. Miranda, in 1844, petitioned for a grant of the same land, alleging that he had been in possession of the land for more than four years. This informé was in the usual form, and is found among the archives. The court being divided in opinion as to the authenticity of the Ortega title, (and a majority expressing a doubt,) at first decided to send the record back to the District Court, to have the conflicting claims of the father and son-in-law settled by a proceeding under the 13th section of the act of 1851. But our attention was afterwards drawn to the fact, that the proceeding, under the proviso in this section, was intended only for cases where both parties claimed under a confirmed Mexican grant by derivative titles, and as Ortega and Miranda claimed under several and distinct titles, the case did not come within the provisions of the 13th section. The court then reversed the decree of the District Court, and not being fully satisfied on the evidence as to the genuineness of Ortega's papers, sent the case back for further examination. There was no order that a stranger to the record should be allowed to interplead and set up another grant, as a reason why the claimant's title should not be confirmed, for it appears from the opinion of the court that they objected to the proceeding because the Miranda grant had been used to combat that of Ortega in this proceeding. The first decree did not order the court below to allow the claimants under Miranda to interplead in this suit; and if it had done so, it was wholly annulled and set aside by the order and decree afterwards made on the 1st of May, 1860. It was like a judgment in a common law

case, where a judgment is reversed and a *venire de novo* ordered; and the reason given by the court was, "that the District Court might not be trammeled in their future consideration of the case on all its merits."

*The motion for a mandamus is therefore refused.*